# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| VERNON HOWARD MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:07CV01527 AGF |
| | ) | |
| PAT SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the petition will be denied.

## Background

On August 19, 2004, Petitioner was found guilty, following a bench trial, in the Circuit Court of the City of St. Louis, Missouri of assault in the first degree and armed criminal action. The trial judge sentenced him to a total of 12 years' imprisonment. Petitioner is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri.

Petitioner's conviction arose out of an incident on November 29, 2002, at the Juvenile Detention Facility in St. Louis. Petitioner and Ward Nabors were inmates at the facility. Together they assaulted youth leader Julius Collins. Petitioner and Nabors

threw a sheet over Collins's head and then kicked him and hit him with their fists and with a stool from the recreational area. Petitioner and Nabors were looking for the jail keys and wanted to escape from the facility. According to another inmate who witnessed the incident, Joseph Lea, Petitioner hit Collins with steel leg irons. Collins suffered a serious knee injury and later required surgery to repair a ruptured patellar tendon. Assistant supervisor Damien Borders heard noises and investigated; he found Collins, who was bleeding, slumped in the hallway. Collins's assailants had run back to their rooms. Police officer John Wallace was dispatched to respond to the assault. Wallace arrested Petitioner and read him his <u>Miranda</u> rights. According to Wallace, in the police car on the way to police headquarters, Petitioner stated that he only threw the sheet over Collins's head, "didn't beat him much," and was just trying to get out of the juvenile center.

A grand jury indicted Petitioner and charged him with assault, armed criminal action, and attempted escape from confinement. The prosecuting attorney later charged Petitioner in an amended information with first-degree assault, armed criminal action, and attempted escape from confinement. The state dismissed the attempted escape count before trial. After consultation with counsel, Petitioner waived a jury trial. At the trial, Borders, Lea, Wallace, Collins, and Dr. John Sheridan, the orthopedic surgeon who operated on Collins's knee, testified as witnesses. Petitioner did not testify. The

trial court found that Petitioner and Nabors acted together in assaulting Collins and that Petitioner knowingly caused a serious physical injury to Collins by beating him with the steel leg irons.

Petitioner appealed. In his brief on direct appeal, Petitioner argued that the evidence was insufficient to prove armed criminal action beyond a reasonable doubt, either as a principal or as an accomplice. The Missouri Court of Appeals summarily affirmed.

Petitioner then filed a pro se petition for post-conviction relief pursuant to Rule 29.15 of the Missouri Supreme Court Rules. Appointed counsel thereafter filed an amended motion, which superseded the pro se motion. See Norville v. State, 83 S.W.3d 112, 114 (Mo. Ct. App. 2002). In the amended Rule 29.15 motion, Petitioner argued that trial counsel was ineffective (1) for failing to impeach Lea's credibility by questioning him about the discrepancies between his testimony and his written statement to police and (2) for failing to recall Lea to the stand to impeach his credibility by questioning him about the discrepancies between his testimony and that of complaining witness Collins. The motion court denied the motion without holding an evidentiary hearing. The court found that the outcome of the case would not have been different had counsel attempted to impeach Lea's credibility in the manner suggested by Petitioner.

Petitioner appealed from the denial of the Rule 29.15 motion. Petitioner brought the same grounds on appeal as he did in his amended Rule 29.15 motion. The Missouri Court of Appeals analyzed the case under Strickland v. Washington, 466 U.S. 668 (1984). The appellate court affirmed, finding both that counsel was not ineffective and that Petitioner had failed to demonstrate prejudice.

## Grounds for Relief

In his current petition for writ of habeas corpus, Petitioner asserts four grounds for relief:

1. Trial counsel was ineffective for failing to impeach Lea by questioning him about discrepancies between his prior written statement and his trial testimony.

2. Trial counsel was ineffective for failing to recall Lea to the stand to impeach his credibility by questioning him about the discrepancies between his testimony and that of Collins.

3. Direct appeal counsel was ineffective for failing to argue that trial counsel was ineffective for failing to recall Lea to the stand.

4. Trial counsel was ineffective for failing to discover that Lea and Pierre Griffin executed identical statements and for failing to call this to the attention of the trial court.

## Procedural Default

To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the

state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (quotation marks omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021. Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161-62 (1996)). Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner can demonstrate cause and prejudice for the default. Id.

In Missouri, "Rule 29.15 is the exclusive procedure by which a claim of ineffective assistance of counsel upon conviction after trial can be advanced." State v. Ricker, 936 S.W.2d 167, 173 (Mo. Ct. App. 1996). Petitioner did not raise grounds three or four in his amended Rule 29.15 motion. As a result, these grounds are procedurally defaulted.

Petitioner has failed to demonstrate cause and prejudice for the default. As a result, grounds three and four are procedurally barred, and Petitioner may not receive relief on these grounds.

## Standard

"In the habeas setting, a federal court is bound by the AEDPA to exercise only limited and deferential review of underlying state court decisions." Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003). Under this standard, a federal court may not grant relief to a state prisoner unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established Supreme Court precedent if "the state court arrives at a conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an unreasonable application of clearly established federal law if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. at 407-08. Finally, a state court decision involves an unreasonable determination of the facts in light of the evidence presented in the state court proceedings only if it is shown that the

state court's presumptively correct factual findings do not enjoy support in the record. 28 U.S.C. §2254(e)(1); Ryan v. Clarke, 387 F.3d 785, 790 (8th Cir. 2004).

To prevail on a claim of ineffective assistance of counsel on direct appeal, a defendant must show that counsel's performance was both deficient and prejudicial. Strickland, 466 U.S. at 687-88. But to prevail on an ineffective assistance of counsel claim in a § 2254 case, a petitioner "must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner." Bell v. Cone, 535 U.S. 685, 698-99 (2002).

**Discussion**

1. Ground One

In ground one, Petitioner argues that counsel was ineffective for failing to impeach Lea by questioning him about discrepancies between his prior written statement and his trial testimony.

Immediately after the assault on Collins by Petitioner and Nabors, Lea wrote out a statement describing the incident. In the written statement, Lea wrote that

Nabors threw the sheet over Collins's head. Lea further wrote that Petitioner put shackles on Collins, but Lea did not write that Petitioner hit Collins with the shackles.

At trial, Lea testified that it was not Nabors who threw the sheet over Collins's head. Lea said that he got Petitioner's and Nabors's names confused at the time he wrote out his statement. Lea also said that he did not write down everything he had seen in the written report and that he was going to go back over it, but he gave it to his supervisor because he was ready to go back to his room.

On cross-examination, counsel for Petitioner attempted to impeach Lea both for having confused Petitioner's and Nabors's names and for failing to write that Petitioner hit Collins with the shackles.

In his Rule 29.15 motion, Petitioner argued that trial counsel was ineffective for failing to impeach Lea based on the discrepancies between his written statement and his trial testimony. Specifically, Petitioner argued that the absence of several facts in the written statement could have been used to impeach Lea during the trial.

The motion court noted that in both his written statement and his trial testimony Lea said that he saw Petitioner strike Collins with a stool and use shackles. The court stated that it did "not see how the failure to bring out the details of the assault, which would not have exonerated movant and were not inconsistent

with [Lea's] trial testimony in any significant regard, would have changed the outcome of the case." (Resp. Exh. G at 30.)

On this point, the Missouri Court of Appeals stated:

> Lea's testimony at trial and his written statement were largely consistent. The discrepancies in details were explained by Lea's testimony that he did not make a complete written statement, and therefore, counsel was not ineffective for failing to cross-examine Lea in depth regarding the details of the assault which were not contained in the written statement.

Resp. Exh. J at 5.

This Court agrees that Petitioner failed to show that the outcome would have been different had counsel spent more time on cross-examination exploring the differences between Lea's written statement and his direct examination testimony. In any event, counsel did try to impeach Lea on this issue. And Lea gave an explanation for the discrepancies, which the jury was free to believe or not believe. The Missouri courts reasoning on this issue was not contrary to nor an unreasonable application of clearly established federal law. The state courts applied the <u>Strickland</u> analysis, and their conclusion was reasonable. As a result, Petitioner is not entitled to relief on ground one of the petition.

2. <u>Ground Two</u>

In ground two, Petitioner argues that counsel was ineffective for failing to recall Joseph Lea to the stand to impeach his credibility by questioning him about the discrepancies between his testimony and that of Julius Collins.

The Missouri Court of Appeals recounted Collins's trial testimony:

> Mr. Collins testified he had four youths out of their rooms at around 1:30 pm on November 29, 2002, Vernon Moore, Ward Nabors, Nathaniel Chadwick and one other youth whose name he could not recall. After Chadwick and the other youth went to the bathroom Collins told them to return to their rooms. They went into their rooms but they did not secure their doors. Collins went over to secure the doors but before he could do so a sheet was thrown over his head. Moore and Nabors had been behind him at this time. After the sheet was thrown over his head he felt blows to the head. He heard Moore and Nabors say, "hit him, hit him again" while he was trying to get down the hall to a security button. He was hit with what he later learned was a metal stool. After he was able to get the sheet off his head he saw Nabors standing in front of him in a fighting stance. He hit Nabors and knocked him down, and then he saw Moore running to the office. While trying to get to the button he was hit in the kneecap from the back or side by Moore. He was unable to stand up, and both Moore and Nabors were hitting him with blows to the head and back. Nabors and Moore kept saying, "where are the keys" but they were in Collins' pocket. Moore then went into the office which was where the leg irons were kept.

(Resp. Exh. G at 31-32.)

The Missouri Court of Appeals found that recalling Lea after Collins's testimony would not have changed the outcome of the trial because the testimony of

-10-

Lea and Collins was "substantially consistent with regard to the conduct which constituted the assault and the testimony of Collins would have been sufficient to support an inference that Moore hit him with metal stools."

The Missouri courts applied the correct standard to this claim. And the Missouri courts' decisions were not contrary to nor an unreasonable application of federal law. As a result, Petitioner is not entitled to relief on ground two of the petition.

**Conclusion**

For these reasons, the Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2254. Additionally, Petitioner has failed to make a substantial showing of the denial of a constitutional right. As a result, the Court will deny the petition, and the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue. 28 U.S.C. § 2253.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 2nd day of August, 2010.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE